O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN LAWRENCE SNOKE,<br><br>  Petitioner,<br><br>  v.<br><br>UNKNOWN,<br><br>  Respondent. | NO. CV 11-5971-TJH (MAN)<br><br>ORDER TO SHOW CAUSE RE:<br>DISMISSAL FOR UNTIMELINESS |

Petitioner, a California state prisoner, filed a habeas petition pursuant to 28 U.S.C. § 2254 on July 20, 2011. The single page, double-sided petition was replete with technical defects (including the failure to name a Respondent), garbled, and cryptic. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court, on January 20, 2012, summarily dismissed the habeas petition with leave to amend ("January 20 Order"). The January 20 Order identified the numerous defects of the petition and advised Petitioner that the failure to correct them could result in the dismissal of this action.

On March 12, 2012, Petitioner filed a First Amended Petition ("Petition"). The Petition again fails to name a Respondent in violation of Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts as well as the Court's January 20 Order. Rather than attempt to correct the sole, possibly cognizable claim alleged in the original petition, Petitioner has alleged 23 claims in the Petition, the majority of which plainly are not cognizable.

For example, in Grounds One, Two, and Five, Petitioner complains about the procedures used by the state courts in his numerous state habeas proceedings. The Court has explicitly advised Petitioner that claims of this nature are not cognizable on federal habeas review.[1] In Grounds Three, Seven, Ten, Sixteen, Seventeen, and Twenty-Three, Petitioner complains about events that occurred during his incarceration -- claims that, if cognizable at all, must be raised through a civil rights action, not a habeas petition. Again, this is a defect about which Petitioner has been cautioned numerous times.[2] By Ground Seven, Petitioner complains that he was circumcised when he was an infant and,

---

[1] As discussed *infra*, since 1995, Petitioner has filed, or submitted for filing, civil complaints and habeas petitions in over 25 separate actions in this district. Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has taken judicial notice of the records, dockets, and files in Petitioner's prior actions in this district. In a January 23, 2012 dismissal order (at pp. 3-4) in one of Petitioner's more recent actions -- Case No. CV 11-6141-TJH (MAN) -- the Court specifically explained why a claim attacking state habeas procedures is not cognizable in a Section 2254 habeas action.

[2] For example, in 2009, Petitioner filed a series of eight purported habeas petitions raising complaints about the conditions of his confinement. All eight actions were summarily dismissed by Orders explicitly advising Petitioner that such complaints cannot be raised as habeas claims. *See* dockets in Case Nos. CV 09-1896-TJH (MAN), CV 09-2044-TJH (MAN), CV 09-2050-TJH (MAN), CV 09-2054-TJH (MAN), CV 09-2056-TJH (MAN), CV 09-2058-TJH (MAN), CV 09-2064-TJH (MAN), and CV 09-2074-TJH (MAN).

thus, subjected to "sexual child abuse" and an "abortion" of his foreskin that has affected his ability to urinate. True or not, this event cannot possibly state a basis for federal habeas relief. Numerous other claims (*e.g.,* Grounds Eight, Nine, Twelve, Fifteen, and Twenty) do not state claims for habeas relief but, rather, set forth various procedural contentions, such as Petitioner's assertions that he is entitled to copies of the state record, to the appointment of experts in post-conviction proceedings, to tolling, etc.

Were the Court to screen the First Amended Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, dismissal would be required. Even if the Court were to do so and grant Petitioner leave to amend so that he could attempt to state one or more cognizable habeas claims, a glaring problem nonetheless remains. As the Court observed in the January 20 Order (at 2 n.1), "it seems highly unlikely that the instant Petition is timely." If this action is untimely, as appears virtually certain, the expenditure of limited Court resources on screening the Petition and any future amended petitions to be filed would be inappropriate and unwarranted.[3]

Although Petitioner purports to lack knowledge of the dates on which he was convicted and sentenced, as well as of the length of his sentence (Petition at 2), the record shows that, on May 11, 1988, Petitioner was placed in the custody of California correctional

---

[3] On March 16, 2012, Petitioner filed a "Request To File Second Amended Petition." Given the present procedural pasture of this case, that Request is DENIED WITHOUT PREJUDICE.

authorities to begin serving a sentence of life without the possibility of parole for murder. *See* Case No. CV 97-1693-TJH (MAN), Docket No. 217 at 5. Petitioner alleges that he appealed his conviction to the California Court of Appeal, but he does not know the date on which it was affirmed. (Petition at 2-3.) The electronically available dockets for the California Court of Appeal[4] do not includes records for cases that were complete prior to 1996, and there is no decision on WESTLAW pertaining to any appeal by Petitioner. Thus, the Court does not know the date of the California Court of Appeal's decision on appeal. Because Petitioner did not seek review in the California Supreme Court (Petition at 3), his appeal would have been final following the conclusion of his time to seek review in the state high court.

Although the Court lacks evidence of the precise date on which Petitioner's appeal concluded, it is certainly reasonable to assume that Petitioner's judgment was affirmed within no more than seven years of his conviction date, *i.e.,* by 1995 (and more likely years before then). For state prisoners, such as Petitioner, whose convictions became final prior to the effective date of the AEDPA, the 28 U.S.C. § 2244(d) limitations period begins to run no earlier than April 25, 1996. <u>Calderon v. United States District Court (Beeler)</u>, 128 F.3d 1283, 1287 (9th Cir. 1997), *overruled in part on other grounds by* <u>Calderon v. U.S. District Court (Kelly V)</u>, 163 F.3d 530, 540 (9th Cir. 1998). Therefore, although Petitioner's conviction became final prior to April 1996, he had until April 24, 1997, in which to file a timely federal habeas

---

[4] *See* http://appellatecases.courtinfo.ca.gov. Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the official dockets for the California Supreme Court and the California Courts of Appeal available through this site.

petition challenging his 1988 conviction.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner did not file a habeas petition in this Court during his April 1996 through April 1997 limitations period.  Instead, starting in 1995, he commenced a series of civil rights actions in this Court.[5]  In Case Nos. CV 95-5412-UA and CV 95-7002-UA, Petitioner submitted proposed civil rights complaints on, respectively, April 14, 1995, and October 17, 1995, for which he was denied leave to proceed without prepayment of the filing fee.  On November 7, 1995, in Case No. CV 95-7595-TJH (JG), Petitioner filed a civil rights action, which ultimately was dismissed on June 24, 1996, for failure to prosecute.  In late 1995, Petitioner filed a civil rights action in the state court, which was removed to this Court on December 27, 1995 (Case No. CV 95-8755-RAP (CT)), and thereafter remanded to the state court on February 2, 1996.  On November 14, 1996, in Case No. CV 96-7997-UA, Petitioner submitted another civil rights complaint, for which he was denied leave to proceed without prepayment of the filing fee.  On March 14, 1997, in Case No. CV 97-1693-TJH (MAN), Petitioner filed a civil rights action that was vigorously litigated by him until defendants were granted summary judgment on July 5, 2001.  In short, Petitioner was able to, and did, actively pursue numerous civil rights actions throughout the running of his limitations period.  Thus, there is no basis for finding that he could not timely seek federal habeas relief during this time frame.

---

[5] Petitioner also filed a civil rights action on July 18, 1994, in the Eastern District of California (Case No. CV 94-1158-WBS-JFM (the "E.D. Cal. Case").  After pursuing discovery, a temporary restraining order, and injunctive relief, Petitioner stipulated to dismiss the E.D. Cal. Case, and it was dismissed on April 19, 1995.

As noted earlier, the electronically available California Court of Appeal and California Supreme Court dockets do not include records prior to 1996. Accordingly, the Court cannot determine with precision what, if any, state habeas petitions were filed by Petitioner prior to the expiration of his limitations period that might serve as a basis for statutory tolling pursuant to 28 U.S.C. § 2244(d)(2), with the following exception. Those dockets show that, on March 7, 1997, Petitioner filed a habeas petition in the California Court of Appeal (Case No. B110128), which was denied on November 1, 1998. That state appellate court petition, thus, might serve as a basis for tolling Petitioner's limitations period. While that petition was pending, Petitioner filed another habeas petition in the same court on January 20, 1998 (Case No. B118642), which was denied on November 1, 1998, and two habeas petitions in the California Supreme Court on March 2, 1998 (Case No. S068307) and May 18, 1998 (Case No. S070368), which both were denied on January 25, 2000. In addition, between late 1998, and August 12, 2002, Petitioner continuously filed and had habeas petitions, mandamus petitions, and/or "appeals" pending in the California Court of Appeal and the California Supreme Court.[6] On June 17, 2003, in Case No. B167911, Petitioner

---

[6] *See* California Court of Appeal Case Nos. B127647 (habeas petition filed 12/7/98 and denied 1/15/99), B128240 (habeas petition filed 12/28/98 and denied 1/6/99), B128773 (habeas petition filed 1/15/99 and denied 1/20/99), B128945 (habeas petition filed 1/22/99 and denied 2/5/99), B129313 (habeas petition filed 2/8/99 and denied 3/18/99), B135238 (habeas petition filed 9/20/99 and denied 9/30/99), B139395 (appeal filed 2/29/00 and dismissed 4/5/00), B140795 (mandamus petition filed 4/25/00 and denied 5/5/00), B141763 (mandamus petition filed 6/1/00 and denied 6/9/00), B143193 (appeal filed 7/31/00 and dismissed 12/3/01), B151966 (habeas petition filed 8/2/01 and denied 8/15/01), and B160286 (habeas petition filed 7/26/02 and denied 8/12/02).

*See also* California Supreme Court Case Nos. S075410 (habeas petition filed 12/18/98 and denied 5/26/99), S075684 (habeas petition

attempted to "appeal" to the California Court of Appeal from a denial of habeas relief; that "appeal" was dismissed on July 15, 2003.[7]

Thus, it is possible that Petitioner might be entitled to some degree of continuous statutory tolling to toll his limitations period past its otherwise presumptive expiration on April 24, 1997. At a minimum, however, these numerous state post-conviction filings establish that Petitioner was *not* impeded from seeking habeas relief from 1996 through 2002, and thus, he could not receive equitable tolling for any of this period of time. Even if, *arguendo*, the Court were to assume that Petitioner's limitations period could be statutorily tolled for all of the time Petitioner pursued state habeas relief during 1998 through 2002, his limitations period necessarily would have expired within a year or less after the conclusion of any such statutory tolling. In short, under this hypothetical statutory tolling scenario, Petitioner's limitations period necessarily would have expired in 2003, at the latest.

---

filed 12/30/98 and denied 2/24/99), S076526 (habeas petition filed 2/10/99 and denied 5/26/99), S080433 (habeas petition filed 7/8/99 and denied 10/27/99), S081345 (habeas petition filed 8/12/99 and denied 10/27/99), S083156 (petition for review filed 10/28/99 and denied 12/1/99), S086158 (habeas petition filed 2/18/00 and denied 4/26/00), S088266 (habeas petition filed 5/10/00 and denied 8/30/00), S089786 (petition for review filed 7/6/00 and denied 7/10/00), and S093260 (habeas petition filed 11/30/11 and denied 3/28/01).

[7] During this same time frame, Petitioner submitted three proposed civil rights complaints to this district, for which he was denied leave to proceed without prepayment of the filing fee. *See* Case Nos. CV 00-581-UA, denied 1/18/00, CV 01-2481-UA, denied 3/15/01, and CV 01-7258-UA, denied 8/31/01. In addition, Petitioner filed a Section 2254 habeas petition in this district on January 9, 2001, which was dismissed on May 15, 2001, at his request (the "2001 Federal Petition"). *See* Case No. CV 01-207-TJH (MAN).

Petitioner did not again seek state habeas relief or any relief in this Court until 2009. In that year, he filed a flurry of habeas petitions in the state courts,[8] as well as numerous civil rights and habeas filings in this Court.[9] On September 21, 2010, he filed a notice of appeal in the California Court of Appeal (Case No. B227472) with respect to a September 2, 2010 judgment of the trial court, which was dismissed on October 28, 2010.

Petitioner is not entitled to statutory or equitable tolling for the lengthy gap in time between the conclusion of his 1998-2002 state habeas efforts and his subsequent state habeas efforts in 2009. With respect to statutory tolling, Petitioner's limitations period expired many years before Petitioner again began seeking state habeas relief in 2009. Thus, his 2009 efforts were too late under Section 2244(d)(2). *See, e.g.,* Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003)("because [petitioner] did not file his first state petition until after his eligibility for federal habeas had already elapsed, statutory tolling cannot save his claim in the first instance"); Ferguson v. Palmateer,

---

[8] *See* California Court of Appeal Case Nos. B214334 (habeas petition filed 3/3/09 and denied on 3/18/09), B216160 (habeas petition filed 5/19/09 and denied 6/2/09), B217461 (habeas petition filed 7/13/09 and denied 7/31/09), B217928 (habeas petition filed 8/4/09 and denied 8/13/09), and B218058 (habeas petition filed 8/7/09 and denied 8/25/09). *See also* California Supreme Court Case Nos. S172112 (habeas petition filed 4/16/09 and denied 8/26/09), and S175243 (habeas petition filed 8/5/09 and denied 12/23/09).

[9] As discussed in Note 2, Petitioner filed eight purported habeas petitions in this Court in 2009. He also submitted five civil rights complaints, for which he was denied leave to proceed without prepayment of the filing fee. (*See* Case Nos. CV 09-1173-UA (submitted 2/18/09 and closed 3/25/09), CV 09-3292-UA (submitted 5/11/09 and closed 5/19/09), CV 09-3551-UA (submitted 5/19/09 and closed 7/28/09), CV 09-4782-UA (submitted 7/2/09 and closed 7/16/09), and CV 09-5658-UA (submitted 8/3/09 and closed 10/2/09).

321 F.3d 820, 823 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"). Moreover, on August 26, 2009, the California Supreme Court denied the habeas petition filed in Case No. S172112 with a citation to In re Robbins, 18 Cal. 4th 770, 780 (1998), thus indicating that the petition was denied on the ground of untimeliness. As a result, Section 2244(d)(2) tolling is precluded for the time while this petition was pending. *See* Allen v. Seibert, 552 U.S. 3, 6, 128 S. Ct. 2, 4 (2007)(*per curiam*)("a state postconviction petition is . . . not 'properly filed' if it was rejected by the state court as untimely"); Lakey v. Hickman, 633 F.3d 782, 785-86 (9th Cir. 2011)("we have consistently held that statutory tolling 'is unavailable where a state habeas petition is deemed untimely under California's timeliness standards'")(citation omitted), *cert. denied* 131 S. Ct. 3039 (2011); Thorson v. Ramirez Palmer, 479 F.3d 643, 645 (9th Cir. 2007)(if the California Supreme Court denies a habeas petition as untimely, application of Section 2244(d)(2) is precluded).

There can be no equitable tolling for this gap in time for one dispositive reason, namely, the filing by Petitioner of the 2001 Federal Petition. As of January 2001, when he filed that petition in this Court, Petitioner plainly *was* able to seek federal habeas relief. That he opted to withdraw that petition and thereafter failed to seek federal habeas relief on a timely basis was the result of his own choice, not of any extraordinary circumstance beyond his control. Significantly, in December 2004, Petitioner filed two motions in the E.D. Cal Case, seeking to set aside the judgment -- providing further evidence that Petitioner was not impeded during this time period from acting to

protect his rights.

In sum, the Petition is substantially untimely on its face.[10] District courts are permitted to consider, *sua sponte*, whether a petition is untimely and to dismiss a petition that is untimely on its face after providing the petitioner with the opportunity to be heard. Day v. McDonough, 547 U.S. 198, 209, 126 S. Ct. 1675, 1684 (2006); Wentzell v. Neven, 674 F.3d 1124, 1126 (9th Cir. 2012). Accordingly, Petitioner is ORDERED TO SHOW CAUSE why this action should not be dismissed on the ground of untimeliness. **By no later than July 2, 2012**, Petitioner shall file a response to this Order To Show Cause. If Petitioner concedes that this action is untimely, he shall state so clearly. If Petitioner disputes that this action is untimely, he must explain clearly and in detail why it is not, and provide any available competent evidence that establishes the timeliness of this action.

///
///
///
///
///
///
///

---

[10] The Court is cognizant that, in Ground Twenty, Petitioner cites "U.S. Const. Art. I § 9(2)" and states that he "seeks waiver of the Limitation of habeas corpus during a case of rebellion and or invasion where petitioner's case facts relates back to 1986 and there was no suspension." This appears to be an attempt by Petitioner to invoke the Suspension Clause as a basis for avoiding the Section 2244(d)(1) limitations period. Claims of this nature have been rejected routinely, and there is no basis for finding Petitioner's assertion meritorious here. *See, e.g.*, Corjasso v. Ayers, 278 F.3d 874, 880 (9th Cir. 2002); Green v. White, 223 F.3d 1001, 1003-04 (9th Cir. 2000).

1 **Petitioner is explicitly cautioned that his failure to comply with**
2 **this Order will be deemed to constitute a concession that this action is**
3 **untimely and may be dismissed on that ground.**

5     IT IS SO ORDERED.

7 DATED: June 8, 2012.

                                          *Margaret A. Nagle*
                                          MARGARET A. NAGLE
                                    UNITED STATES MAGISTRATE JUDGE