O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| BRIAN LAWRENCE SNOKE, | ) | NO. CV 11-5971-TJH (MAN) |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER: DISMISSING PETITION |
| | ) | WITH PREJUDICE; AND DENYING |
| UNKNOWN, | ) | CERTIFICATE OF APPEALABILITY |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On July 20, 2011, Petitioner, a California state prisoner, filed a habeas petition pursuant to 28 U.S.C. § 2254, which, as discussed *infra*, apparently sought to challenge a 1988 state court criminal conviction. The single page, double-sided petition suffered from numerous technical defects and, moreover, was garbled and cryptic.  On January 20, 2012, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, United States Magistrate Judge Margaret A. Nagle summarily dismissed the habeas petition with leave to amend ("January 20 Order").  The January 20 Order identified the numerous defects of the petition and advised Petitioner that the failure to correct them could result in the dismissal of this action.

1    On March 12, 2012, Petitioner filed a First Amended Petition

2  ("Petition").  The Petition again failed to name a Respondent and, thus,

3  violated both Rule 2(a) of the Rules Governing Section 2254 Cases in the

4  United States District Courts and the January 20 Order.  Rather than

5  attempt to correct the sole, possibly cognizable claim alleged in the

6  original petition, Petitioner alleged 23 claims in the Petition, the

7  majority of which plainly are not cognizable.

8

9                              **THE OSC**

10

11    On June 8, 2012, Magistrate Judge Nagle issued an Order To Show

12  Cause Re: Dismissal For Untimeliness ("OSC").  The OSC identified some,

13  although not all, of the reasons why various claims alleged in the

14  Petition are not cognizable.  For example, in Grounds One, Two, and

15  Five, Petitioner complains about the procedures used by the state courts

16  in his numerous state habeas proceedings, notwithstanding the fact that

17  the Court has explicitly advised Petitioner that claims of this nature

18  are not cognizable on federal habeas review.[1]  In Grounds Three, Seven,

19  Ten, Sixteen, Seventeen, and Twenty-Three, Petitioner complains about

20  events that occurred during his incarceration, *i.e.,* he asserts

21  conditions of confinement claims that, if cognizable at all, must be

22  raised through a civil rights action, not a habeas petition.  Again,

23  ───────────────

24    [1]    As discussed *infra*, since 1995, Petitioner has filed, or
     submitted for filing, civil complaints and habeas petitions in over 25
25  separate actions in this district.  Pursuant to Rule 201 of the Federal
     Rules of Evidence, the Court has taken judicial notice of the records,
26  dockets, and files in Petitioner's prior actions in this district and in
     the United States Court of Appeals for the Ninth Circuit.  In a January
27  23, 2012 dismissal order (at pp. 3-4) in one of Petitioner's more recent
     actions -- Case No. CV 11-6141-TJH (MAN) -- the Court specifically
28  explained why a claim attacking state habeas procedures is not
     cognizable in a Section 2254 habeas action.

this is a defect about which Petitioner has been cautioned numerous times.[2]  By Ground Seven, Petitioner complains that he was circumcised when he was an infant and, thus, subjected to "sexual child abuse" and an "abortion" of his foreskin that has affected his ability to urinate. As Magistrate Nagle advised in the OSC, this event and its alleged aftermath cannot possibly state a basis for federal habeas relief.  The OSC further advised that numerous other claims alleged in the Petition (*e.g.,* Grounds Eight, Nine, Twelve, Fifteen, and Twenty) do not state claims for habeas relief but, rather, set forth only a host of procedural contentions.

In the OSC, Magistrate Judge Nagle advised that:  as she had observed in the January 20 Order (at 2 n.1), "it seems highly unlikely that the instant Petition is timely"; and if this action is untimely, the expenditure of limited Court resources on screening the Petition and any future amended petitions would be inappropriate and unwarranted. The OSC then explained, in detail, why this action appears to be untimely.  Magistrate Judge Nagle directed Petitioner to file a response to the OSC by no later than July 2, 2012, in which he was required to state whether he concedes or disputes that this action is untimely.  The OSC expressly cautioned Petitioner that, if he "disputes that this action is untimely, he must explain clearly and in detail why it is not, and provide any available competent evidence that establishes the

---

[2]     For example, in 2009, Petitioner filed a series of eight purported habeas petitions raising complaints about the conditions of his confinement.  All eight actions were summarily dismissed by Orders explicitly advising Petitioner that such complaints cannot be raised as habeas claims.  *See* dockets in Case Nos. CV 09-1896-TJH (MAN), CV 09-2044-TJH (MAN), CV 09-2050-TJH (MAN), CV 09-2054-TJH (MAN), CV 09-2056-TJH (MAN), CV 09-2058-TJH (MAN), CV 09-2064-TJH (MAN), and CV 09-2074-TJH (MAN).

timeliness of this action."  (OSC at 10.)

Thereafter, Petitioner sought and was granted two extensions of time to respond to the OSC.  Rather than promptly file his response, Petitioner filed a motion for judgment on the pleadings on July 23, 2012, in which he claimed that, because the OSC did not address each of the 23 claims alleged in the Petition in detail, Magistrate Judge Nagle purportedly had "admitted the merits" of nine of the Petition's claims, thus requiring the grant of habeas relief.  The motion was denied on July 27, 2012, because it was factually and legally frivolous ("July 27 Order"). On August 6, 2012, Petitioner filed an "objection" to the July 27 Order, asserting that he is "sick" and the Court should order Magistrate Judge Nagle to "assist petitioner in preparing a Second Amended Petition."  To the extent that Petitioner's August 6, 2012 "objection" seeks reconsideration of the July 27 Order, whether pursuant to 28 U.S.C. § 636(b) or Fed. R. Civ. P. 72, Petitioner's request is DENIED, because:  the denial of his motion for judgment on the pleadings was correct; and Petitioner's assertion that the Magistrate Judge should be required to assist him in preparing pleadings is baseless.

On August 9, 2012, Petitioner filed a Response to the OSC.  The Response is not made under penalty of perjury and lacks any documentary support, and thus, its allegations are not competent to establish anything.  Nonetheless, for argument's sake, the Court has considered them.  Specifically, the Court has considered Petitioner's assertion that this action should be considered timely for the following alleged reasons:

1.  Petitioner is "sick" and presently being treated for scabies. (Response at 1, 3.)

2.  Petitioner has "been sick most of [his] life." (Response at 1.)

3.  The untimeliness of this action is due to Petitioner having made "unconscious mistakes of fact" regarding filing deadlines and the statutes of limitations, which he assumed would be automatically tolled because Petitioner has asserted "obvious claims of miscarriage of justice." (*Id.*)

4.  All of Petitioner's claims should be tolled, because "he has a newly discovered claim of sentence error" asserted in Ground Twenty-Two of the Petition. (Response at 2.)

5.  Petitioner recently has been unable to obtain photocopies of documents in his possession that show his sentence is illegal. (*Id.*)

6.  Petitioner's property is in storage, and thus, he lacks access to his personal copy of a Rutter Group secondary source publication. (Response at 3.)

7.  As he writes, Petitioner loses his train of thought and presently is experiencing writer's block. (*Id.*)

///

///

///

5

**THIS ACTION IS UNTIMELY**

For the reasons set forth below, it is plain that this action is grossly untimely and, further, that tolling principles cannot alter that conclusion.

I.    The Commencement Of Petitioner's Limitations Period

Petitioner purports to lack knowledge of the dates on which he was convicted of murder in Los Angeles Superior Court Case No. A537881 and sentenced, as well as of the length of his sentence. (Petition at 2.) The record shows that, on May 11, 1988, Petitioner was placed in the custody of California correctional authorities to begin serving a sentence of life without the possibility of parole for murder. *(See* Case No. CV 97-1693-TJH (MAN), Docket No. 217 at 5.)  Petitioner alleges that he appealed his conviction to the California Court of Appeal, but he does not know the date on which it was affirmed. (Petition at 2-3.) The electronically available dockets for the California Court of Appeal[3] do not include detailed docket entries for cases that were complete prior to 1996, and there is no decision on WESTLAW pertaining to any appeal by Petitioner.  The California Court of Appeal docket does show that Petitioner's appeal commenced on June 17, 1988, in Case No. B036268, although it does not show the date of the California Court of Appeal's decision.  Petitioner alleges that he did not seek review in the California Supreme Court (Petition at 3), and thus, his direct

---

[3]    *See* http://appellatecases.courtinfo.ca.gov.  Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the official dockets for the California Supreme Court and the California Courts of Appeal available through this site.

1  appeal would have been final following the conclusion of his time to
2  seek review in the state high court.

3

4       Although the Court lacks evidence of the precise date on which
5  Petitioner's appeal concluded, it can reasonably be assumed that
6  Petitioner's conviction was affirmed within no more than seven years of
7  his conviction date, *i.e.,* by 1995; realistically, it is likely his
8  appeal concluded years before then.   For state prisoners, such as
9  Petitioner, whose convictions became final prior to the April 1996
10 effective date of the AEDPA,[4] the 28 U.S.C. § 2244(d) one-year
11 limitations period begins to run no earlier than April 25, 1996.
12 Malcolm v. Payne, 281 F.3d 951, 955 (9th Cir. 2002).   Therefore,
13 although Petitioner's conviction became final prior to April 1996, he
14 had until April 24, 1997, in which to file a timely federal habeas
15 petition challenging his 1988 conviction.   Patterson v. Stewart, 251
16 F.3d 1243, 1246 (9th Cir. 2001).

17

18 II.   The Running Of Petitioner's Limitations Period

19

20      Petitioner did not file a federal habeas petition before or during
21 his April 1996 through April 1997 limitations period.   Instead, he
22 focused his efforts on the pursuit of civil rights actions in this
23 district and elsewhere.

24

25      On July 18, 2994, Petitioner filed a civil rights action in the
26 United States District Court for the Eastern District of California

27 ─────────────────────
28      [4]   In his Response, Petitioner does not dispute that his
   conviction became final prior to April 1996.

                                    7

1  (Case No. CV 94-1158-WBS-JFM (the "E.D. Cal. Case").   After pursuing
2  discovery, a temporary restraining order, and injunctive relief,
3  Petitioner stipulated to dismiss the E.D. Cal. Case, which was dismissed
4  on April 19, 1995.

5

6       On April 14, 1995, and October 17, 1995, Petitioner submitted
7  proposed civil rights complaints to this district in, respectively, Case
8  Nos. CV 95-5412-UA and CV 95-7002-UA, for which he was denied leave to
9  proceed without prepayment of the filing fee.   On November 7, 1995,
10 Petitioner filed a civil rights action (Case No. CV 95-7595-TJH (JG)),
11 which was dismissed on June 24, 1996, for failure to prosecute.   In late
12 1995, Petitioner filed a civil rights action in the state court, which
13 was removed to this Court on December 27, 1995 (Case No. CV 95-8755-RAP
14 (CT)), and thereafter remanded to the state court on February 2, 1996.
15 On November 14, 1996, Petitioner submitted another civil rights
16 complaint in Case No. CV 96-7997-UA, for which he was denied leave to
17 proceed without prepayment of the filing fee.   On March 14, 1997, in
18 Case No. CV 97-1693-TJH (MAN), Petitioner filed a civil rights action
19 (the "1997 Civil Rights Case").   Petitioner vigorously litigated the
20 1997 Civil Rights Case until defendants were granted summary judgment on
21 July 5, 2001.[5]

22

23       In short, Petitioner was able to, and did, actively pursue numerous

24 ───────────────────

25       [5]   The docket for the 1997 Civil Rights Case contains over 220
   entries.  During the four years this case was pending, Petitioner, among
26 other things, repeatedly sought the issuance of temporary restraining
   orders and preliminary injunctions, filed numerous amended complaints,
27 repeatedly appealed interlocutory orders, made numerous procedural and
   evidentiary motions, and repeatedly sought reconsideration of court
28 orders.  (*See, e.g.,* Docket Nos. 15, 26, 34-35, 43, 84, 96, 105, 110,
   120, 122-23, 126, 129, 131, 138, 168, 172, 185-96, 201, 209, and 214.)

1  civil rights actions both before and throughout the running of his
2  limitations period.  He failed, however, to seek federal habeas relief
3  during his limitations period.  Accordingly, Petitioner's limitations
4  period expired on April 24, 1997.

5

6  III. <u>Tolling Does Not Render The Petition Timely</u>.

7

8       A.    <u>Statutory Tolling</u>

9

10      The Section 2244(d) limitations period is subject to a statutory
11 tolling provision, which suspends it for the time during which a
12 "properly-filed" application for postconviction or other collateral
13 review is "pending" in state court.  28 U.S.C. § 2244(d)(2); <u>Patterson</u>,
14 251 F.3d at 1247.  Additionally, in appropriate circumstances,
15 applications for state postconviction relief filed in an upward
16 progression may be deemed "pending" under Section 2244(d)(2) "even
17 during the intervals between the denial of a petition by one court and
18 the filing of a new petition at the next level, if there is not undue
19 delay." <u>Biggs v. Terhune</u>, 339 F.3d 1045, 1046 (9th Cir. 2003); *see also*
20 <u>Evans v. Chavis</u>, 546 U.S. 189, 191, 126 S. Ct. 846, 849 (2006).

21

22      According to the dockets of the California Court of Appeal and
23 California Supreme Court, Petitioner filed a single state habeas
24 petition prior to the expiration of his limitations period on April 24,
25 1997.  Specifically, on March 7, 1997, Petitioner filed a habeas
26 petition in the California Court of Appeal (Case No. B110128), which was
27 denied on November 1, 1998.  That state appellate court petition, thus,
28 might serve as a basis for tolling Petitioner's limitations period.

1    While that petition was pending, Petitioner filed another habeas
2    petition in the same court on January 20, 1998 (Case No. B118642), which
3    was denied on November 1, 1998, and habeas petitions in the California
4    Supreme Court on March 2, 1998 (Case No. S068307), and May 18, 1998
5    (Case No. S070368), which both were denied on January 25, 2000.    In
6    addition, between late 1998, and August 12, 2002, Petitioner
7    continuously filed and had pending habeas petitions, mandamus petitions,
8    and/or "appeals" in the California Court of Appeal and the California
9    Supreme Court.[6]   On June 17, 2003, in Case No. B167911, Petitioner
10   attempted to "appeal" to the California Court of Appeal from a denial of
11   habeas relief; that "appeal" was dismissed on July 15, 2003.[7]

12

13       [6]   *See* California Court of Appeal Case Nos. B127647 (habeas
     petition filed 12/7/98 and denied 1/15/99),  B128240 (habeas petition
14   filed 12/28/98 and denied 1/6/99),  B128773 (habeas petition filed
     1/15/99 and denied 1/20/99), B128945 (habeas petition filed 1/22/99 and
15   denied 2/5/99),  B129313 (habeas petition filed 2/8/99 and denied
     3/18/99),  B135238 (habeas petition filed 9/20/99 and denied 9/30/99),
16   B139395 (appeal filed 2/29/00 and dismissed 4/5/00), B140795 (mandamus
     petition filed 4/25/00 and denied 5/5/00), B141763 (mandamus petition
17   filed 6/1/00 and denied 6/9/00), B143193 (appeal filed 7/31/00 and
     dismissed 12/3/01), B151966 (habeas petition filed 8/2/01 and denied
18   8/15/01),  and B160286 (habeas petition filed 7/26/02 and denied
     8/12/02).
19
         *See also* California Supreme Court Case Nos. S075410 (habeas
20   petition filed 12/18/98 and denied 5/26/99), S075684 (habeas petition
     filed 12/30/98 and denied 2/24/99), S076526 (habeas petition filed
21   2/10/99 and denied 5/26/99), S080433 (habeas petition filed 7/8/99 and
     denied 10/27/99), S081345 (habeas petition filed 8/12/99 and denied
22   10/27/99), S083156 (petition for review filed 10/28/99 and denied
     12/1/99), S086158 (habeas petition filed 2/18/00 and denied 4/26/00),
23   S088266 (habeas petition filed 5/10/00 and denied 8/30/00), S089786
     (petition for review filed 7/6/00 and denied 7/10/00), and S093260
24   (habeas petition filed 11/30/11 and denied 3/28/01).

25       [7]   During this time frame, Petitioner also pursued a variety of
     federal actions.  He submitted three proposed civil rights complaints to
26   this district, for which he was denied leave to proceed without
     prepayment of the filing fee.  *See* Case Nos. CV 00-581-UA, denied
27   1/18/00, CV 01-2481-UA, denied 3/15/01, and CV 01-7258-UA, denied
     8/31/01.  Petitioner unsuccessfully pursued an appeal in connection with
28   one of these actions.  (*See* Ninth Circuit Case No. 00-80030.)

1    Notwithstanding the identification of the statutory tolling issue
2    in the OSC, Petitioner has failed to provide *any* information regarding
3    his state post-conviction efforts with respect to his 1988 conviction.
4    Nonetheless, based on the results of the Court's own research efforts as
5    outlined above, it is possible that Petitioner might be entitled to some
6    continuous statutory tolling of his limitations period past its
7    otherwise presumptive expiration on April 24, 1997. If, for argument's
8    sake, the Court were to assume that Petitioner's limitations period
9    could be statutorily tolled past April 24, 1997, for some or all of the
10   period of time during which Petitioner pursued state habeas relief
11   between 1997 and 2002, it is clear that his limitations period
12   necessarily would have expired within no more than a year after the
13   conclusion of any such hypothetically-available continuous statutory
14   tolling. Under even the most generous statutory tolling scenario that
15   can be posited, Petitioner's limitations period necessarily would have
16   expired in 2003, at the latest, if not years earlier. As the instant
17   action was not filed until July 2011, it cannot be rendered timely by
18   whatever Section 2244(d)(2) statutory tolling might be available to
19
20
_____
21   Petitioner also pursued interlocutory appeals and finally a merits
22   appeal in connection with the 1997 Civil Rights Case. (*See* Ninth
     Circuit Case Nos. 99-56945, 99-70350, and 01-56406.)

23          In addition, Petitioner filed two Section 2254 habeas
24   petitions in this district. The first was filed on September 1, 1999 in
     Case No. CV 99-8866-CM (MAN). Because the claim alleged was not
25   cognizable as a federal habeas claim, the petition was dismissed without
     prejudice on September 15, 1999. Petitioner unsuccessfully appealed the
26   dismissal of that case. (*See* Ninth Circuit Case No. 99-56764.) On
     January 9, 2001, Petitioner filed a second Section 2254 petition, which,
27   unlike the 1999 petition, did actually seek to make a habeas challenge
     to Petitioner's 1988 state court conviction (the "2001 Federal
28   Petition"). On May 15, 2001, the 2001 Federal Petition was dismissed at
     Petitioner's request. *See* Case No. CV 01-207-TJH (MAN).

11

1  Petitioner.[8]

2

3       B.   <u>Equitable Tolling</u>

4

5       The Section 2244(d) one-year limitations period may be equitably

6  tolled in appropriate circumstances.  <u>Holland v. Florida</u>, ___ U.S. ___,

7  130 S. Ct. 2549, 2560-62 (2010).  However, application of the equitable

8  tolling doctrine is the exception rather than the norm.  *See, e.g.,*

9  <u>Waldron-Ramsey v. Pacholke</u>, 556 F.3d 1008, 1011 (9th Cir.

10  2009)(characterizing the Ninth Circuit's "application of the doctrine"

11  as "sparing" and a "rarity"); <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th

12  Cir. 1999)("equitable tolling is unavailable in most cases").  "Indeed,

13  _____

14      [8]   As discussed *infra*, in 2009, Petitioner filed numerous state
    habeas petitions.  However, he may not receive gap tolling for the time
15  between the conclusion of his 1998-2002 state habeas efforts and his
    subsequent state habeas efforts in 2009, because Petitioner's
16  limitations period expired many years before he again began seeking
    state habeas relief in 2009.  His 2009 efforts simply were many years
17  too late for purposes of Section 2244(d)(2).  *See, e.g.,* <u>Laws v.
    Lamarque</u>, 351 F.3d 919, 922 (9th Cir. 2003)("because [petitioner] did
18  not file his first state petition until after his eligibility for
    federal habeas had already elapsed, statutory tolling cannot save his
19  claim in the first instance"); <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823
    (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the
20  limitations period that has ended before the state petition was filed").

21      Moreover, on August 26, 2009, the California Supreme Court
    denied the habeas petition filed in Case No. S172112 with a citation to
22  <u>In re Robbins</u>, 18 Cal. 4th 770, 780 (1998), thus indicating that the
    petition was denied on the ground of untimeliness.  As a result, Section
23  2244(d)(2) tolling is precluded for the time while this petition was
    pending and any gap in time that preceded it.  *See, e.g.,* <u>Allen v.
24  Seibert</u>, 552 U.S. 3, 6, 128 S. Ct. 2, 4 (2007)(*per curiam*)("a state
    postconviction petition is . . . not 'properly filed' if it was rejected
25  by the state court as untimely"); <u>Lakey v. Hickman</u>, 633 F.3d 782, 785-86
    (9th Cir. 2011)("we have consistently held that statutory tolling 'is
26  unavailable where a state habeas petition is deemed untimely under
    California's timeliness standards'")(citation omitted), *cert. denied* 131
27  S. Ct. 3039 (2011); <u>Bonner v. Carey</u>, 425 F.3d 1145, 1149 (9th Cir.
    2005), *as amended by* 439 F.3d 993 (9th Cir. 2006)("if a state court
28  denies a petition as untimely, none of the time before or during the
    court's consideration of that petition is statutorily tolled").

the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." <u>Miranda v. Castro</u>, 292 F.3d 1063, 1066 (9th Cir. 2002)(internal quotation marks and citation omitted); *see also* <u>Lakey</u>, 633 F.3d at 786 (noting the "necessity" of a "high threshold" for application of the equitable tolling doctrine).

As the Supreme Court has explained, a habeas petitioner may receive equitable tolling only if he "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." <u>Holland</u>, 130 S. Ct. at 2562 (citation omitted); *see also* <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 and n.8, 125 S. Ct. 1807, 1814 and n.8 (2005).  A petitioner seeking application of the doctrine bears the burden of showing that it should apply to him.  *Id.* at 418, 125 S. Ct. at 1814-15; *see also* <u>Lawrence v. Florida</u>, 549 U.S. 327, 336, 127 S. Ct. 1079, 1085 (2007)(observing that, to receive equitable tolling, the petitioner must prove the above two requirements).

The petitioner must establish not only the existence of an extraordinary circumstance but also that the extraordinary circumstance was, in fact, the cause of the untimely filing of the federal habeas petition.  *See* <u>Spitsyn v. Moore</u>, 345 F.3d 796, 799 (9th Cir. 2003); *see also* <u>Bryant v. Arizona Att. Gen.</u>, 499 F.3d 1056, 1061 (9th Cir. 2007)(a petitioner must show that the claimed extraordinary circumstances were the cause of his untimeliness); <u>Roy v. Lampert</u>, 465 F.3d 964, 969 (9th Cir. 2006)(the extraordinary circumstances claimed must be the cause of the petition's untimeliness).

13

1    In addition, the "petitioner must show that his untimeliness was

2   caused by an external impediment and not by his own lack of diligence,"

3   Bryant, 499 F.3d at 1061, and that he pursued his rights diligently

4   throughout the relevant period, Roy, 465 F.3d at 972 (opining it is

5   "important" that petitioners have "pursued their claims within a

6   reasonable period of time *before* the external impediment" alleged to

7   warrant equitable tolling arose).   A failure to act diligently

8   throughout the time at issue will break the link of causation between

9   the extraordinary circumstance and the failure to timely pursue relief.

10  *See, e.g.,* Spitsyn, 345 F.3d at 802 (equitable tolling is not available

11  unless the petitioner exercised reasonable diligence "in pursuing the

12  matter, under the circumstances he faced"); Guillory v. Roe, 329 F.3d

13  1015, 1016, 1018 (9th Cir. 2003)(declining to afford equitable tolling,

14  despite a circumstance that otherwise would warrant it, when the

15  petitioner failed to act diligently in exhausting his claims); Miles,

16  187 F.3d at 1107 (equitable tolling is not appropriate when a

17  petitioner's own conduct, rather than "external forces," accounts for

18  the failure to file a timely habeas claim).

19

20    Following his above-described 1995 through 2002 state and federal

21  habeas and civil rights efforts, Petitioner did not again seek state

22  habeas relief or any relief in this Court until 2009.[9]   In 2009,

23  Petitioner filed a flurry of habeas petitions in the state courts,[10] as

24

25         [9]    He did, however, pursue post-judgment relief in the E.D. Cal
    Case in December 2004, filing two motions to set aside the judgment in
26  that case.  (*See* Docket Nos. 31-32 in Case No. 94-cv-1158-WBS-JFM.)

27         [10]   *See* California Court of Appeal Case Nos. B214334 (habeas
    petition filed 3/3/09 and denied on 3/18/09), B216160 (habeas petition
28  filed 5/19/09 and denied 6/2/09), B217461 (habeas petition filed 7/13/09

14

well as numerous civil rights and habeas filings in this district.[11]   On

September 21, 2010, Petitioner filed a notice of appeal in the

California Court of Appeal (Case No. B227472) with respect to a

September 2, 2010 judgment of the trial court, which was dismissed on

October 28, 2010.


The evidence of record, which Petitioner does not controvert, shows

that since the commencement of his limitations period in April 1996, he

has been able to pursue habeas and civil rights relief in the state and

federal courts.   Indeed, he has done so repeatedly and vigorously, as

detailed above.   His numerous above-described state post-conviction

filings establish that Petitioner was *not* impeded from seeking habeas

relief from 1996 through 2002.   Moreover, as of January 2001, when

Petitioner filed the 2001 Federal Petition in this Court, he plainly *was*

able to seek federal habeas relief.   That he opted to withdraw that

petition and thereafter failed to seek federal habeas relief on a timely

basis was the result of his own choice, not of any extraordinary

circumstance beyond his control.   This fact alone clearly precludes

and denied 7/31/09), B217928 (habeas petition filed 8/4/09 and denied
8/13/09), and B218058 (habeas petition filed 8/7/09 and denied 8/25/09).
*See also* California Supreme Court Case Nos. S172112 (habeas petition
filed 4/16/09 and denied 8/26/09), and S175243 (habeas petition filed
8/5/09 and denied 12/23/09).

[11]   As discussed in Note 2, Petitioner filed eight purported
habeas petitions in this Court in 2009.   He unsuccessfully appealed the
adverse judgments in those cases.   (*See* Ninth Circuit Case Nos. 09-
56295, 09-56302, 09-56304, 09-56305, 09-56306, 09-56308, 09-56309, and
09-56383.)   Petitioner also submitted five civil rights complaints, for
which he was denied leave to proceed without prepayment of the filing
fee.   (*See* Case Nos. CV 09-1173-UA (submitted 2/18/09 and closed
3/25/09), CV 09-3292-UA (submitted 5/11/09 and closed 5/19/09), CV 09-
3551-UA (submitted 5/19/09 and closed 7/28/09), CV 09-4782-UA (submitted
7/2/09 and closed 7/16/09), and CV 09-5658-UA (submitted 8/3/09 and
closed 10/2/09).   He unsuccessfully appealed in all four cases.   (*See*
Ninth Circuit Case Nos. 09-56594, 09-56597, 09-56598, and 09-56599.)

1   application of the equitable tolling doctrine in this case.

2

3        None of the seven contentions made by Petitioner in his Response,
4   which are listed earlier, serve as a tenable basis for equitable
5   tolling.  Four of Petitioner's contentions -- that he has scabies at the
6   moment, loses his train of thought and has writer's block, presently
7   lacks access to his copy of a Rutter Group publication, and recently has
8   been unable to photocopy sentencing-related documents he possesses --
9   are plainly irrelevant, even if they had been supported by competent
10  evidence, because Petitioner's limitations period expired many years
11  ago.  His present circumstances do not give rise to any basis for
12  invoking the equitable tolling doctrine.

13

14       Petitioner's bare contention that he has been "sick" most of his
15  life is too vague to state a viable basis for equitable tolling.
16  However, even if this assertion had been stated more certainly and
17  adequately supported, it could not warrant equitable tolling, because
18  the undisputed record shows that any such identified illness has not
19  impeded Petitioner from vigorously pursuing habeas and civil rights
20  relief in the state and federal courts during the relevant time period.
21  In this Court alone, Petitioner has submitted over 25 habeas petitions
22  and civil rights complaints since 1995.  Indeed, Petitioner has been
23  such a vigorous litigant that the Ninth Circuit, on April 21, 2011,
24  entered a pre-filing review order against him.  (*See* Ninth Circuit Case
25  No. 11-80032, Docket No. 3.)

26

27       Petitioner's contention that the limitations period for "all" of
28  his claims must be tolled, because Ground Twenty-Two is "newly

discovered," fails for two reasons.   First, the Section 2244(d) limitations period applies on a claim-by-claim basis.   Mardesich v. Cate, 668 F.3d 1164, 1171 (9th Cir. 2012).   Even if, *arguendo*, there were a basis for finding that the limitations period should be tolled or otherwise delayed for Ground Twenty-Two, the remaining 22 claims of the Petition would not *ipso facto* receive any such delayed commencement of the limitations period and/or equitable tolling, and they would remain untimely.   Moreover, and critically, Petitioner's assertion that Ground Twenty-Two is "newly discovered" is specious.   Ground Twenty-Two alleges that Petitioner is entitled to a 25-year sentence rather than his sentence of life without the possibility of parole, because:   the jury hung during the penalty phase, and thus, the special findings requirement of California Penal Code § 190.4(a) was not satisfied; and the continued denial to Petitioner of half-time credits is an "excessive fine" and violates the Eighth Amendment's Cruel and Unusual Punishment Clause.   The events underlying Petitioner's first assertion, plainly, were known to him at the time of trial, or at least should have been. Petitioner's second assertion also could have been discovered by him at any time following sentencing; his failure to raise such a claim until over 23 years after he was sentenced does not evidence the diligence required to equitably toll his limitations period.

        Finally, Petitioner's contention that he unconsciously made unspecified mistakes regarding filing deadlines and his limitations period is patently insufficient to warrant equitable tolling.   A *pro se* habeas petitioner's inadvertent legal mistake is not a circumstance

warranting equitable tolling.[12]  As the federal courts have repeatedly recognized, "[i]t is clear that *pro se* status, on its own, is not enough to warrant equitable tolling." <u>Roy</u>, 476 F.3d at 970.  Ignorance of the law and lack of legal sophistication do not constitute "extraordinary circumstances" warranting equitable tolling.  <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006)(collecting cases from other circuits and holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance"); *see also* <u>Johnson v. United States</u>, 544 U.S. 295, 311, 125 S. Ct. 1571, 1582 (2005)(in 28 U.S.C. § 2255 context, rejecting movant/prisoner's attempt to justify his lack of diligence based on his pro se status and lack of legal sophistication, and stating: "we have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness"); <u>Ford v. Pliler</u>, 590 F.3d 782, 789 (9th Cir. 2009)(observing that the equitable tolling "standard has never been satisfied by a petitioner's confusion or ignorance of the law alone"); <u>Waldron-Ramsey</u>, 556 F.3d at 1013 n.4 ("a pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling").

The equitable tolling inquiry is a "fact-specific" one. *See, e.g.,* <u>Spitsyn</u>, 345 F.3d at 799; <u>Frye</u>, 273 F.3d at 1146.  Even if the vague facts alleged by Petitioner had been supported and could be credited, the equitable tolling doctrine could not be applied, because his allegations are insufficient to invoke it.  Accordingly, tolling cannot

---

[12]   Indeed, even when a petitioner's attorney negligently makes a mistake that causes a habeas petition to be untimely, this fact alone will not justify application of the doctrine. *See* <u>Miranda</u>, 292 F.3d at 1066-68; <u>Frye v. Hickman</u>, 273 F.3d 1036, 1146 (9th Cir. 2001).

save this action from its own untimeliness.

In sum, the Petition is substantially untimely on its face.[13]  As plaintiff was advised in the OSC, district courts are permitted to consider, *sua sponte*, whether a petition is untimely and to dismiss a petition that is untimely on its face after providing the petitioner with the opportunity to be heard.  Day v. McDonough, 547 U.S. 198, 209, 126 S. Ct. 1675, 1684 (2006); Wentzell v. Neven, 674 F.3d 1124, 1126 (9th Cir. 2012).  Through the detailed explanation in the OSC of why this case is untimely, Petitioner was provided with notice of the timeliness problem in this case and an opportunity to be heard, and he has filed his Response.  Having considered the Response, all filings in this case, and the matters of which judicial notice may be taken, it is clear that this action is substantially untimely.  Accordingly, dismissal is warranted.

For the foregoing reasons, IT IS ORDERED that:  the Petition is dismissed, with prejudice, on the ground that it is untimely; and Judgment shall be entered dismissing this action, with prejudice, for untimeliness.

In addition, pursuant to Rule 11(a) of the Rules Governing Section

---

[13]   As Magistrate Judge Nagle noted in the OSC, in Ground Twenty, Petitioner cites "U.S. Const. Art. I § 9(2)" and states that he "seeks waiver of the Limitation of habeas corpus during a case of rebellion and or invasion where petitioner's case facts relates back to 1986 and there was no suspension." Even if this is an attempt by Petitioner to invoke the Suspension Clause as a basis for avoiding the Section 2244(d)(1) limitations period, it fails. Claims of this nature have been rejected routinely, and there is no basis for finding Petitioner's assertion meritorious here. *See, e.g.,* Corjasso v. Ayers, 278 F.3d 874, 880 (9th Cir. 2002); Green v. White, 223 F.3d 1001, 1003-04 (9th Cir. 2000).

2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted and, thus, a certificate of appealability is DENIED.


        IT IS SO ORDERED.


DATED: August 28, 2012.

                                          _____
                                          TERRY J. HATTER, JR.
                                          UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE